Jean M. Heinz, CSB# 125114
**HEINZ & FEINBERG**
ATTORNEYS AT LAW
707 BROADWAY, SUITE 1800
SAN DIEGO, CALIFORNIA 92101-5311
(619) 238-5454

Attorneys for Defendant Silver Strand Plaza, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>        Plaintiff,<br><br>    v.<br><br>SILVER STRAND PLAZA, LLC.; REMARK CORPORATION,<br><br>        Defendants. | CASE NO.: 07 CV2141 H NLS<br><br>NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT<br><br>DATE:     APRIL 7, 2008<br>TIME:     10:30 a.m.<br>CTROOM:  13<br>JUDGE:   HON. MARILYN L. HUFF |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on **April 7, 2008, at 10:30 a.m.** in Courtroom 13 of the

United States District Court, located at 880 Front Street, San Diego, CA. before the Honorable

Marilyn L. Huff, Defendant, Silver Strand Plaza, LLC., will hereby move the Court for a motion

to dismiss the above-entitled action based on the memorandum of points and authorities filed

herein and other pleadings filed with this Notice of Hearing.

Dated: March 10, 2008                    HEINZ & FEINBERG

Jean M. Heinz, Attorneys for Defendant Silver
Strand Plaza, LLC.

1

Jean M. Heinz, CSB# 125114

2
**HEINZ & FEINBERG**
ATTORNEYS AT LAW

3
707 BROADWAY, SUITE 1800
SAN DIEGO, CALIFORNIA 92101-5311

4
(619) 238-5454

5
Attorneys for Defendant Silver Strand Plaza, LLC

6

7

8
**UNITED STATES DISTRICT COURT**

9
**SOUTHERN DISTRICT OF CALIFORNIA**

10
A.J. OLIVER,                                      )
                        Plaintiff,                )    CASE NO.: 07 CV2141 H NLS

11                                                 )
                v.                                 )    MEMORANDUM OF POINTS AND

12                                                 )    AUTHORITIES IN SUPPORT OF
SILVER STRAND PLAZA, LLC.; REMARK                 )    NOTICE OF HEARING ON MOTION

13  CORPORATION,                                   )    TO DISMISS COMPLAINT
                                                   )

14                      Defendants.                )    DATE:      APRIL 7, 2008
                                                   )    TIME:      10:30 a.m.

15                                                 )    CTROOM:    13
                                                   )    JUDGE:     HON. MARILYN L.

16  _____           )               HUFF

17

18      Defendant Silver Strand Plaza, LLC, respectfully brings this motion to dismiss for failure

19  to state a claim or in the alternative for failure to establish standing.

20                                      **I.**

21                          **STATEMENT OF FACTS**

22      Briefly, the within complaint is brought to redress alleged insufficiencies at the premises of

23  small commercial center pursuant to the Americans with Disabilities Act.  It has two defendants,

24  Silver Strand Plaza, LLC and Remark Corporation.  Silver Strand Plaza, LLC is mentioned in the

25  caption, lumped with the other Defendant as Circle H Liquor, for reference purposes,  in Paragraph

26  2, and is never identified or mentioned again.  Silver Strand Plaza IS NOT Circle H Liquor.  It does

27  not own it, it does not operate it and it does not manage it.  Other than that, there is no mention of

28

1   Silver Strand Plaza again in this complaint.   In Section IV of the complaint, entitled "Parties",
2   Silver Strand is not identified.   Simply put, there is just not enough in this complaint to identify what
3   Silver Strand Plaza, LLC did, what it did wrong or what remedy it could provide.   A motion to
4   dismiss is appropriate.

## II.

### THIS MATTER SHOULD BE DISMISSED
### FOR FAILURE TO STATE A CLAIM

8   Federal Rule of Civil Procedure 12(b)(6) states in pertinent part that a motion may be brought
9   for "failure to state a claim upon which relief can be granted;..."   The motion is brought to test "the
10  *legal sufficiency* of the claim or claims stated in the complaint.   The court must decide whether the
11  facts alleged, if true, would entitle plaintiff to some form of legal remedy."(emphasis in the original)
12  Schwarer, Federal Civil Procedure Before Trial, Paragraph 9:187, (Rutter 2007).

13  At the least, a complaint must contain a " 'short and plain statement of the claim' that will
14  give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."
15  Conley v. Gibson, 355 U.S. 41, 47 (1957) citing Federal Rules of Civil Procedure.   See also
16  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) stating that there must be "sufficient
17  allegations to put defendants on notice of the claims against them."   (Emphasis added.)

18  If a Defendant is merely identified in the caption, it is not sufficient pleading to establish an
19  action against that defendant.   In Clark v. Sierra, 837 F. Supp. 1179, 1182 (N.D. Fla. 1993), the Court
20  concluded that the minimal reference in the caption and "questions" in the complaint were
21  insufficient.   "Under the liberal pleading standards of the Federal Rules of Civil Procedure, absence
22  of any factual allegation against a named defendant will entitle that defendant to have the complaint
23  dismissed as to him." Id.   The Court concluded that when a defendant "is merely named in the caption
24  of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him
25  must be dismissed..." Id.

26  Similarly, in Mason v. County of Delaware Sheriff's Dept., 150 F.R.D. 27, 28, (N.D.N.Y
27  1993) the Court dismissed a defendant pursuant to a motion brought under Federal Rule 12(b)(6).

*Oliver v. Silver Strand Plaza, LLC,*                                                07-cv2141H(NLS)
*Points and Authorities in Support of Motion to Dismiss Complaint*

2

1   The Court concluded that the complaint was devoid of allegations against several of the parties and

2   thus failed to meet even minimal notice pleading requirements under Rule 8 of the Federal Rules of

3   Civil Procedure.

4       In the case at hand, Plaintiff names Silver Strand Plaza LLC in the caption, and lumps it with

5   the other defendant in Paragraph 2 for reference.  Plaintiff does not even identify Silver Strand Plaza

6   LLC further in Section IV of the Complaint, entitled Parties, as it does the other defendant in

7   Paragraph 7.  There is not even a minimal identification of this defendant.  Certainly there is not

8   sufficient detail to put this defendant on notice because there is nothing to establish the connection

9   between these two parties.

10      A motion to dismiss should be granted as to Silver Strand Plaza, LLC.

11                                    III.

12                      **THIS DEFENDANT SHOULD BE**

13          **DISMISSED BECAUSE OF A LACK OF STANDING**

14                            **BY PLAINTIFF**

15      In the alternative, Defendant Silver Strand Plaza, LLC, brings a motion to dismiss based on

16  lack of standing by the Plaintiff.  Federal Rule of Civil Procedure 12(b)(1) provides that a complaint

17  should be dismissed if there is a "lack of jurisdiction over the subject matter."  There are two types

18  of Rule 12(b)(1) motions, facial attacks and factual attacks.  The basic difference between the two

19  types being the Court's consideration of the facts of the case.  In a facial attack, the "court must

20  consider the allegations of the complaint as true; whereas under the latter, the court determines the

21  facts for itself."  Schwarer, Federal Civil Procedure Before Trial, Paragraph 9:78 (Rutter 2007).  As

22  a factual attack, the within motion should be granted.

23      A motion to dismiss based on standing may be brought as a Rule 12(b)(1) motion.  The Ninth

24  Circuit has held that "[B]ecause standing and mootness both pertain to a federal court's subject-

25  matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal

26  Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)."  White v. Lee, 227 F.3d 1214 (9th Cir. 2000).

27      To establish standing, a plaintiff "must have suffered some threatened or actual injury

28

*resulting from* the putatively illegal action of the defendant. The alleged injury must be fairly traceable to the challenged action of the defendant, and not to the independent action of some third party not before the court or some other independent source, for if the injury does not stem from the action disputed, the court cannot provide redress by directing the defendant to alter its actions."(emphasis in the original)   25 <u>Fed. Proc.</u>, L Ed Section 59:10.

Plaintiff has no standing as to Silver Strand Plaza, LLC. There is nothing in this complaint to establish that the plaintiff suffered some injury as a result of this defendant. This defendant is minimally named in the caption, and then lumped as "Circle H Liquor" for reference purposes. The defendant is not identified as a Party, nor is it cited anywhere else in the complaint. There is nothing to trace any alleged injury to the action of this defendant, because this defendant has not been identified, and does not exist other than being joined with Defendant Remark Corporation in an identification for reference purposes. Therefore, the court cannot provide a remedy for plaintiff as to this defendant, because there is no way to identify what this defendant can and cannot do for redress. This motion to dismiss pursuant to Federal Rule of Procedure 12(b)(1) must be granted.

### IV.

### <u>CONCLUSION</u>

This complaint should be dismissed for failure to state a claim. The complaint lacks sufficient detail to put this Defendant on notice of claims against it. The complaint also fails to establish a nexus between Defendant Silver Strand Plaza, LLC and Plaintiff. Therefore, Defendant Silver Strand Plaza's motion to dismiss should be granted.

Dated: March 10, 2008              HEINZ & FEINBERG

Jean M. Heinz, Attorneys for Defendant
Silver Strand Plaza, LLC.

# CERTIFICATE OF SERVICE

*A.J. Oliver v. Silver Strand Plaza, LLC.*
*Case No.: 07-CV2141 H NLS*

I, the undersigned whose address appears below, certify;

That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, not a party to this action, and am employed in the County of San Diego, California, in which County the within mentioned mailing occurred. My business address is 707 Broadway, Suite 1800, San Diego, California.

That on March 10, 2008, I served the following document(s):

1. **NOTICE OF HEARING ON MOTION TO DISMISS COMPLAINT;**
2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

by [describe mode of service]

### U.S. MAIL FIRST CLASS POSTAGE PREPAID

on the following persons [set forth name and address of each person served] and/or as checked below:

**Attorney for Debtor:**

**Lynn Hubbard, III, (#69773)**
**Law offices of Lynn Hubbard**
**12 Williamsburg Lane**
**Chico, CA 95926**
**(530) 895-3252**

**BY MAIL IN THE ORDINARY COURSE OF BUSINESS)**

X     I am "readily familiar" with this firm's practice of collection and processing of correspondence for mailing. That the mail would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that upon motion of the party served service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing. I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on <u>March 10, 2008</u>          *Marlena Vaugh*
                                          Marlena Vaughn

                                          707 Broadway, Suite 1800
                                          San Diego, CA 92101