

Lynn Hubbard, III, SBN 69773
Scottlynn J Hubbard, IV, SBN 212970
**Law Offices of Lynn Hubbard**
12 Williamsburg Lane
Chico, CA 95926
(530) 895-3252

Attorneys for Plaintiff, A.J. OLIVER

UNITED STATES DISTRICT COURT,

SOUTHERN DISTRICT OF CALIFORNIA

A.J. OLIVER,                              )    Case No. 07cv2141 H (NLS)
                                          )
             Plaintiff,                   )
                                          )    **PLAINTIFF'S OPPOSITION to**
       v.                                 )    **DEFENDANT SILVER STRAND,**
                                          )    **LLC'S MOTION to DISMISS**
SILVER STRAND PLAZA, LLC;                 )    **PLAINTIFF'S FIRST AMENDED**
REMARK CORPORATION.                       )    **COMPLAINT**
                                          )
             Defendants                   )    Date:    April 7, 2008
                                          )    Time:    10:30 a.m.
                                          )    Room:    Courtroom, 13
                                          )
                                          )    **Honorable Marilyn L. Huff**
                                          )
_____           )

## I. INTRODUCTION

Defendant Silver Strand Plaza, LLL (hereinafter "Silver Strand") has filed a motion to dismiss plaintiff A.J. Oliver's complaint as to them. To support its argument, defendant argues that the First Amended Complaint fails to sufficiently state a claim it, or, alternatively, that Oliver lacks

*Oliver v Silver Strand, et al*, Case No. 07cv2141 H (NLS)
Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint
Page 1

standing because no injury can be traced to any conduct by Silver Strand. Defendant's argument is without merit.

Oliver's amended complaint makes clear that defendant Silver Strand is *one of multiple defendants* who are responsible for the property that plaintiff alleges is in violation of the pled federal and state laws.   It matters little that, as Silver Strand argues, that defendant does not own, operate or manage the subject liquor store, so long as defendant is connected via ownership or management of the subject property and its surrounding environs, including the common area where barriers are alleged.

In the instant case, it is the latter – that is, Silver Strand manages the property upon which the liquor store sits, and therefore is a necessary party in order to obtain injunctive relief regarding alleged access violations *outside* of the subject store.

## II.   DISCUSSION

### A.    Silver Strand IS Included as a Defendant Due to a Collective Definition

As an initial matter, plaintiff Oliver points out what should be obvious from even a cursory reading of the First Amended Complaint: Silver Strand is included in a collective definition of *all defendants*. To wit:

> 2.      Oliver seeks damages, injunctive and declaratory relief, attorneys' fees and costs, **against Silver Strand Plaza, LLC and Remark Corporation (collectively "Circle H Liquor")** pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et seq*.), and related California Statutes.

Plaintiff's First Amended Complaint, Docket Item # 5, ¶ 2 (emphasis added).  Therefore, whenever Oliver refers to "Circle H Liquor" in his Complaint, he is in fact *including* Silver Strand as a defendant.  The problem

*Oliver v Silver Strand, et al*, Case No. 07cv2141 H (NLS)
Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint
Page 2

seems to be that Silver Strand is under the mistaken impression that when the Complaint references "Circle H Liquor," plaintiff is only referring to a single defendant, an entity named Circle H Liquor, and not Silver Strand Plaza, LLC.  Such an impression is incorrect (Oliver is actually referring to both Silver Strand **and** Remark Corporation whenever he references Circle H Liquor).

Thus, Silver Strand's argument that it is referenced but once in the Complaint, and that it "IS NOT Circle H Liquor," is incorrect. *See* Memorandum of Points and Authorities in Support of Notice of Haring on Motion to Dismiss First Amended Complaint (hereinafter "Defendant's Motion"), p. 2.  Silver Strand is in fact included **every time** Oliver refers to defendants, and in every allegation he makes regarding Circle H Liquor. There is nothing mysterious (or even minimally complicated) going on here.

**B.    It Does Not Matter That Silver Strand Does Not Own or Operate the Circle H Liquor Store, as it is Responsible for Managing the Subject Property**

Based on its mistaken understanding of the entity identified by Oliver as "Circle H Liquor," Silver Strand then makes the related (and understandable) argument that it "does not own [Circle H Liquor], it does not operate [Circle H Liquor] and it does not manage [Circle H Liquor]." Defendant's Motion, p.1.  Therefore, the argument goes, it should not be a defendant in this matter.

Oliver points out that it simply does not matter that Silver Strand does not own, operate or manage the actual subject liquor store.  On information and belief (and as will be proven in this litigation during the discovery phase), Oliver alleges that Silver Strand does, however, manage and/or operate the subject property upon which the liquor store sits. The ADA specifies that an action can be brought against "any person who owns, leases

*Oliver v Silver Strand, et al*, Case No. 07cv2141 H (NLS)
Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint
Page 3

1   (or leases to), or operates a place of public accommodation." 42 U.S.C. §

2   12182(a). Thus, if Silver Strand either owns the subject property, or acts as

3   a property manager, it is a **necessary party** to the action so that Oliver may

4   obtain adequate injunctive relief.

5           In the instant case, the Complaint makes clear that plaintiff is alleging

6   access barriers outside of the liquor store (as well as inside the store), that

7   include barriers relating to parking. *See* Plaintiff's Amended Complaint,

8   Docket Item #5, ¶ 10.   If Oliver is successful in proving these violations and

9   obtaining injunctive relief from this Court, then it will be absolutely

10  necessary that all parties responsible for making any changes regarding this

11  injunctive relief are included.  Oliver has properly alleged that Silver Strand,

12  as a property manager and/or owner, is one of these parties.

13          Indeed, the Amended Complaint explicitly spells this out:

14

15          14.    At all relevant times, Circle H Liquor has possessed and
             enjoyed sufficient control and authority to modify the subject
16           property to remove impediments to wheelchair access and to
             comply with the Americans with Disabilities Act Accessibility
17           Guidelines and Title 24 regulations….

18

19  Plaintiff's Amended Complaint, Docket Item #5, ¶ 14.  Oliver has properly

20  pled that Silver Strand has the adequate control and/or authority over the

21  subject property to remove access barriers.  Therefore, Silver Strand is a

22  necessary party in this action, and its control and/or authority will be

23  necessary in order to effectuate any injunctive relief obtained from this

24  Court as a result of this lawsuit, and which relates to the outside of the

25  subject liquor store (For example: installing an accessible parking space on

26  the subject property).

27          It is of course worth noting that Silver Stand does **not** argue that it has

28

*Oliver v Silver Strand, et al*, Case No. 07cv2141 H (NLS)
Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint
Page 4

1    no legal connection to the subject property whatsoever.  This is, of course,

2    because Silver Strand *is* legally connected to the property; it has control

3    and/or authority of the common area of the subject property.  To the extent

4    that Silver Strand argues that this Court will be unable to determine which

5    defendant is responsible for which part of the subject property for purposes

6    of injunctive relief (*see* Defendant's Motion, p. 4), this is not a winning

7    argument. *See, e.g., Emerick v. Kahala L&L, Inc.*, 2000 WL687662, *15

8    (D.Hawai'i 2000); *Botosan v. Fitzugh*, 13 F.Supp.2d 1047, 1054 (S.D.Cal.

9    1998) (finding that even though parties can allocate responsibility over the

10   property as between them, one party may not insulate itself from liability

11   from a third party); *Independent Living Resources v. Oregon Arena Corp.*,

12   982 F.Supp. 698, 768 (D. Ore. 1997) (finding that a party should be able to

13   bring an ADA action and let the parties "fight among themselves over who

14   is responsible to pay for any required improvements").

15   **C.    Plaintiff Has Made Adequate Allegations Regarding Injury as to**

16        **Silver Strand**

17        Given that Oliver *has* included Silver Strand as a defendant in the

18   collective definition of "Circle H Liquor," Oliver has adequately alleged

19   injury and threat of future injury as to Silver Strand.  There is simply no

20   way to read the Amended Complaint and not understand that Oliver is

21   alleging his injuries – and the threat of future harm due to the alleged

22   barriers – to defendants Circle H Liquor, which by previous definition

23   includes **both** Remark Corporation **and** Silver Strand. *See* Amended

24   Complaint, ¶¶ 10-15.

25   **D.    If This Court Feels it Necessary, Oliver Will Amend His**

26        **Complaint**

27        Should this Court feel that the Complaint is in fact too confusing, or

28   is not explicit enough in its allegations, Oliver will happily (and in short

*Oliver v Silver Strand, et al*, Case No. 07cv2141 H (NLS)
Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint
Page 5

order) amend his complaint to explicitly and separately identify both Silver Strand and Remark Corporation, rather than make use of a collective definition.

### III.   CONCLUSION

As even defendant acknowledges, Silver Strand is in fact included in a collective definition that Oliver uses throughout the Amended Complaint for purposes of efficiency and economy.  Oliver alleges that Silver Strand has control and/or authority such that its presence is in fact necessary in order to effectuate any injunctive relief that he obtains *via* this lawsuit.

Tellingly, Silver Strand does not make the argument that it has *no* legal connection to the property whatsoever, which, if this were the case, would be the first and – Oliver acknowledges – the *only* argument necessary by Silver Strand.  However, Silver Strand is indeed legally connected to the subject property, and therefore its arguments are without merit.

DATED:  March 24, 2008          LAW OFFICES OF LYNN HUBBARD


                                 */s/ Lynn Hubbard, III*
                                LYNN HUBBARD, III
                                Attorney for Plaintiff A.J. Oliver

*Oliver v Silver Strand, et al*, Case No. 07cv2141 H (NLS)
Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint
Page 6