UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.J. OLIVER,<br><br>                    Plaintiff,<br>vs.<br><br>SILVER STRAND, LLC; REMARK CORPORATION,<br><br>                    Defendant. | CASE NO. O7-CV-2141 H (NLS)<br><br>**ORDER DENYING DEFENDANT SILVER STRAND, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

On November 8, 2007, plaintiff A.J. Oliver ("Plaintiff") filed a complaint. (Doc. No. 1.) On January 31, 2008, Plaintiff filed an amended complaint ("Am. Compl."). (Doc. No. 5.) On March 10, 2008, defendant Silver Strand filed a motion and an amended motion ("Am. Mot.") to dismiss Plaintiff's complaint. (Doc. No. 7, 8.) On March 24, 2008, Plaintiff filed an opposition to Silver Strand's motion to dismiss. (Doc. No. 10.) The Court exercises its discretion pursuant to Local Civil Rule 7.1(d)(1) to decide this matter without oral argument. For the reasons set forth below, the Court DENIES Silver Strand's motion to dismiss Plaintiff's amended complaint.

## Background

Plaintiff suffered a stroke approximately 13 years ago, and as a result he is paralyzed, speech impaired, and unable to stand or walk. (Am. Compl. ¶ 8.) Plaintiff alleges that a liquor store and surrounding premises have features that hamper his

1  mobility and deny him access to the store.  (Id. ¶ 9-10.)  These features include
2  incorrect tow-away signage, failure to include a phone number on tow away-signage,
3  no parking spaces designated as accessible to the disabled, no parking spaces designated
4  as "van accessible," and a ramp encroaching into the access aisle.  (Id. ¶ 10.)  Plaintiff
5  claims that he was deterred from visiting the store and surrounding premises by the
6  existence of these features and the threat of injury some of these features pose.  (Id. ¶
7  11.)

8  In his original complaint, Plaintiff named Dijla, Inc. d/b/a Circle H Liquor and
9  Remark Corporation as defendants.  (Compl. ¶ 2.)  In his amended complaint, Plaintiff
10  names Silver Strand and Remark Corporation as defendants.  (Am. Compl. ¶ 2.)  In the
11  second paragraph of the amended complaint, Plaintiff labels Silver Strand Plaza and
12  Remark Corporation as "collectively 'Circle H Liquor.'"  (Id.)  Throughout the
13  remainder of the complaint Plaintiff refers only to "Circle H Liquor."  (Id. passim.)
14  Silver Strand brought a motion to dismiss for failure to state a claim and lack of subject
15  matter jurisdiction.  (Am. Mot. 2-4.)

16  **Discussion**

17  **A.     Failure to State a Claim**

18  Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a
19  claim either where the claim lacks a cognizable legal theory or where a plaintiff alleges
20  insufficient facts to support their legal theory.  See Balistreri v. Pacifica Police Dept.,
21  901 F.2d 696, 699 (9th Cir. 1990).  In resolving a Rule 12(b)(6) motion, the court must
22  construe the complaint in the light most favorable to the plaintiff and accept all well-
23  pleaded factual allegations as true.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
24  337-38 (9th Cir. 1996).  However, as stated recently by the Supreme Court, to survive
25  a Rule 12(b)(6) motion, a complaint must contain factual allegations sufficient "to raise
26  a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S.
27  __, 127 S. Ct. 1955, 1965 (2007).  Although a complaint need not set forth "detailed
28  factual allegations" it must plead "enough facts to state a claim to relief that is plausible

on its face." Id. at 1964, 1974.

Title III of the Americans with Disabilities Act ("ADA") states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv). To prevail on a claim under the ADA's Title III, "the plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007); see 42 U.S.C. § 12182(a)-(b).

The Court concludes that Plaintiff states sufficient facts in the amended complaint to survive a 12(b)(6) motion to dismiss. Silver Strand contends that, because Plaintiff does not mention Silver Strand in the complaint after identifying it as a party in paragraph two, Plaintiff fails to state facts supporting a claim for relief. (Am. Mot. 1-2.) The Court concludes that Plaintiff clearly identifies Silver Strand as a party by defining the term "Circle H Liquor" to mean both Silver Strand and Remark Corporation. (Am. Compl. ¶ 2.) Therefore, whenever Plaintiff uses the designation "Circle H Liquor" throughout the rest of the amended complaint, the Court construes this designation to mean both Silver Strand and Remark Corporation. Accordingly, the amended complaint gives Silver Strand sufficient notice of the claims against it.

Plaintiff sets forth an ADA cause of action. He alleges that he is disabled within the meaning of the ADA, satisfying the first requirement to state a claim under Title III of the ADA. (Am. Compl. ¶ 8.) As to the second and third requirements, Plaintiff alleges that Circle H Liquor (meaning both Silver Strand and Remark Corporation) "owns, operates, or leases the Store, and consists of a person (or persons), firm, or

corporation." (Id. ¶ 7.) Plaintiff identifies "the Store" as "the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as: Circle H Liquor." (Id. ¶ 1.) Silver Strand contends that it does not own or operate Circle H Liquor, but, for purposes of a motion to dismiss, the Court must accept all facts alleged in the complaint as true. See Johnson v. Riverside Healthcare System, LP, 516 F.3d 759, 763-64 (9th Cir. 2008). Plaintiff then alleges that he "visited the Store and encountered barriers . . . that interfered with . . . his ability to use and enjoy the goods services, privileges, and accommodations offered at the facility." (Am. Compl. ¶ 10.) Plaintiff claims that Circle H Liquor (meaning Silver Strand and Remark Corporation) designed and constructed the store in a manner that prevented Plaintiff's access due to his disability and failed to make reasonable modifications to accommodate individuals with disabilities. (Id. ¶ 21-30.)

Plaintiff's allegations give Silver Strand sufficient notice and provide "enough facts to state a claim to relief that is plausible on its face." See Bell Atlantic Corp., 127 S. Ct. 1955, 1974 (2007). Accordingly the Court denies Silver Strand's motion to dismiss Plaintiff's amended complaint for failure to state a claim.

**B.  Standing**

"The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint. Though the party invoking our jurisdiction bears the burden of establishing that party's standing, '[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice.'" Skaff v. Meridien North America Beverly Hills, LLC, 506 F.3d 832, 838 (9th Cir. 2007) (citations omitted) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). To have constitutional standing, first the plaintiff must have suffered an injury in fact; second, there must be a causal connection between the injury and the conduct complained of, meaning that the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and third, it must be likely, as opposed to merely speculative, that the

1  injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-61.

2       Silver Strand contends that the injury to Plaintiff is not "fairly traceable" to Silver
3  Strand, because Plaintiff refers only to the conduct of "Circle H Liquor." (Am. Mot.
4  4.) As with Silver Strand's 12(b)(6) motion, the Court concludes that Plaintiff alleges
5  injury fairly traceable to Silver Strand's conduct. Plaintiff defined "Circle H Liquor"
6  to mean Silver Strand and Remark Corporation. (Am. Compl. ¶ 2.) Plaintiff alleges
7  that he is disabled, that Silver Strand owns, leases, or operates the public
8  accommodation on which the alleged barriers are located, and that Silver Strand's
9  failure to remedy the barriers denied Plaintiff access to the public accommodation
10 because of his disability. (Id. ¶ 8-14.) Accordingly, the Court concludes that Plaintiff's
11 amended complaint survives Silver Strand's 12(b)(1) motion to dismiss for failure to
12 establish standing.

## Conclusion

14      For the reasons stated above, the Court DENIES Silver Strand's motion to
15 dismiss Plaintiff's amended complaint.

16 IT IS SO ORDERED.

17 DATED: April 7, 2008

                                       _____
                                       MARILYN L. HUFF, District Judge
                                       UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.